NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDDY MARIE MOREAU, | : | |
| | : | Civil Action No.: 05-5173 (JLL) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Eddy Marie Moreau
801 North 6th Street Apt. 917
Newark, NJ 07107
    Plaintiff, pro se

**LINARES**, **District Judge:**

Plaintiff Eddy Marie Moreau (hereinafter "Plaintiff") seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. Based on his affidavit of indigence, the Court (1) grants Plaintiff's application to proceed in forma pauperis, and (2) directs the Clerk of the Court to file the complaint without pre-payment of the filing fees or security. 28 U.S.C. § 1915(a).

Having reviewed the Complaint to identify cognizable claims as required under 28 U.S.C. § 1915(e)(2), the Court concludes that while Plaintiff's Complaint will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that

Plaintiff should be afforded an opportunity to amend so as to cure the defects described below.

# I. BACKGROUND

Plaintiff filed a Complaint that was received by the Court on October 28, 2005. The Complaint alleges the Defendant, Social Security Administration, discontinued his SSI benefits. According to the Complaint, Defendant

> sent me a letter stating that my benefits would stop by a certain date but the defendant also said they would show me how to appeal the defendants decision to stop my SSI benefits. But the defendant never showed me how to appeal my benefits stopping. They also said they sent me a letter stating that I had 60 days to appeal my benefits stopping but I never remember receiving that letter.

(Compl. p. 2). Plaintiff demands that the Defendant reinstate his SSI benefits and pay him damages. (Compl. p. 3).

# II. STANDARDS FOR A § 1915(e)(2)(B) DISMISSAL

After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe

it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id. A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

## III. ANALYSIS

Because Plaintiff is proceeding pro se, the Court construes his Complaint in the way most favorable to him. Carr v. Sharp, 454 F.2d 271, 272 (3d Cir. 1971). Nonetheless, after resolving all ambiguities in favor of Plaintiff, the Court finds that his claims lack factual support.

Federal Rule of Civil Procedure 8(a) provides that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is

entitled to relief." Even though Plaintiff is proceeding pro se, his Complaint must still contain sufficient factual information for this Court to determine the nature of Plaintiff's claim, whether the Court has jurisdiction, and whether Plaintiff has standing. Because this appears to be an appeal of the denial of Social Security benefits, Plaintiff should set forth the decision he wishes to appeal, whether or not it was a final decision, whether such decision involves a benefit claimed by Plaintiff or someone else, and the date on which notice of this decision was mailed by the Secretary to Plaintiff.

To the extent that Plaintiff is seeking a writ of mandamus, by seeking an Order from this Court commanding Defendant to reinstate Plaintiff's SSI benefits, such request is dismissed, with prejudice. A writ of mandamus is not available unless "(1) the plaintiffs have a right to have the act performed, (2) the defendant is under a clear nondiscretionary duty to perform the act requested, and (3) plaintiff has exhausted all other avenues of relief." City of New York v. Heckler, 742 F.2d 729, 739 (2d Cir. 1984), aff'd, 476 U.S. 467 (1986); see also Ringer v. Heckler, 466 U.S. 602, 616 (1984) (the writ of mandamus is intended to provide a remedy "only if the defendant owes him a clear nondiscretionary duty."). Plaintiff has failed to identify a nondiscretionary duty that was owed to him and not performed by the Commissioner. Plaintiff's claims can be properly addressed through the appeals process.

Given the foregoing, the Court dismisses Plaintiff's Complaint without prejudice, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, and with prejudice with regards to an claim for a writ of mandamus, but permits Plaintiff to file an amended Complaint, setting forth the basis for his appeal, within thirty (30) days of entry of this Opinion and Order, see Denton, 504 U.S. at 34. If Plaintiff fails to amend his Complaint within thirty (30) days,

the Court will deem his Complaint withdrawn.

## IV.  CONCLUSION

For the reasons stated herein, it is on this 9th day of November, 2005, hereby

**ORDERED** that, pursuant to 28 U.S.C. § 1915, Plaintiff's application to proceed in forma pauperis is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that any claims seeking a writ of mandamus are **DISMISSED** with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff is hereby granted thirty (30) days from the date of this Opinion and Order in which to amend his Complaint to set forth more specific information, consistent with the foregoing, from which the relief sought, jurisdiction, and standing might be determined; and it is further

**ORDERED** that if Plaintiff fails to amend his Complaint within the time specified above, the Complaint will be deemed withdrawn and this case will be closed.

DATED: November 9, 2005

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE